

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 18, 1969

Probably overruled by
Johnson v. McDaniel
461 SW 2d 198 n.r.e.

Honorable O. N. Humphreys, Jr.
Administrator
Texas Liquor Control Board
Sam Houston State Office Building
Capitol Station
Austin, Texas 78701

Opinion No. 435

RE: Questions con-
cerning the def-
inition of "prem-
ise" within the
meaning of the
Texas Liquor Con-
trol Act as amend-
ed by Acts of the
61st Legislature,
Regular Session,
1969, and related
questions.

Dear Mr. Humphreys:

This is in response to your letter of July 10, 1969, in which you inquire as follows:

"Question No. 1. Under the provisions of Senate Bill 27 and House Bill 1440 may an applicant for a Package Store Permit designate, and may the Board or Administrator approve, as the licensed premises, an area within a building (other than a hotel as defined in the Texas Liquor Control Act) less than the entire building?

"Question No. 2. If, in any of the examples above, the package store operation is completely walled off from the rest of the build-

ing and is accessible only by a door or doors opening onto a public street, sidewalk, or other public way, and having a street address designation different from the remainder of the building, could the package store then be considered a separate 'building' in substantial compliance with the meaning of 'building' in Section 3-a(7), Article I, Texas Liquor Control Act?

"Question No. 3. If the answer to Question No. 2 is 'yes,' would the status be changed by allowing, for fire protection, an exit door constructed so that it can be opened only from inside the licensed premises and to be used for emergency purposes only, opening into another building under the same roof?"

Your inquiry arises from the passage of Senate Bill 27, Acts 61st Leg., R.S. 1969, ch. 38, p. 80 and House Bill 1440, Acts 61st Leg., R. S. 1969, ch.____, p. ____. After giving effect to these two bills Sec. 18, Article I, Texas Liquor Control Acts reads in pertinent part as follows:

" applicant for a Package Store Permit or a renewal thereof shall have authority to designate as 'premise' and the Board or Administrator shall not approve a lesser area than that specifically defined as 'premise' in Section 3-a (7) of Article I of the Texas Liquor Control Act as enacted by the 44th Legislature, 2nd Called Session, 1935, as amended. Every permittee shall have and maintain exclusive occupancy and control of the entire licensed premises in every phase of the storage, distribution, possession, and transportation and sale of all alcoholic beverages purchased, stored or sold on the licensed premises.* * *"

-2166-

Article 3-a (7) of the Texas Liquor Control Act will remain unchanged after the application of the two bills and continues to read as follows:

> "'Premise' shall mean the grounds as well as all the buildings, vehicles, and appurtenances pertaining thereto, and shall also include any adjacent premises, if directly or indirectly under the control of the same person; provided, however, that subject to the approval of the Board or Administrator, an Applicant may designate a portion of the grounds, building, vehicles, or appurtenances which shall not be a part of the Licensed Premise."

It is the opinion of this office that following the effective date of S. B. 27, Acts 61st Leg., R.S. 1969, ch. 38, p. 80 and H. B. 1440, Acts 61st Leg., R.S. 1969, ch. _____, p. _____, that an applicant for a Package Store Permit may designate and the Board or Administrator may approve as the licensed premise an area within a building less than the entire building.

In view of the answer to the first question it is not necessary to answer the last two questions.

### SUMMARY

Senate Bill 27, Acts 61st Leg., R.S. 1969, ch. 38, p. 80 and House Bill 1440, Acts, 61st Leg., R. S. 1969, ch._____, p. _____, make no changes in the provisions of Section 3-a(7), Article I, Texas Liquor Control Act, concerning the issuance of permits for an area less than an entire building, nor the application thereof.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

-2167-

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE:

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

John Reeves
Harold Kennedy
Bennie Bock
Houghton Brownlee

Hawthorne Phillips
Executive Assistant